UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alphonso Terrell Thomas, | ) | C/A No. 9:10-3138-MBS-BM |
| Plaintiff, | ) | |
| vs. | ) | |
| Colleta Wineglass; | ) | Report and Recommendation |
| Shirlease Maynard; | ) | |
| Cassidy Shizzle. | ) | |
| Defendants. | ) | |

The Plaintiff, Alphonso Terrell Thomas, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the Georgetown County Detention Center (GCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names three (3) GCDC employees as Defendants.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007) *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even when considered under this less stringent standard, however, the *pro se* complaint is still subject to



summary dismissal, at the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that on November 16, 2010, Defendants Shirlease Maynard and Cassidy Shizzle, both GCDC officers, escorted Plaintiff to the shower. ECF No. 1, page 3. Plaintiff states that Defendant Maynard "started saying things that I didn't approve of, so I said something back." *Id.* When Plaintiff attempted to close the shower door, Defendant Maynard said "don't hit me" and the verbal exchange escalated, resulting in Plaintiff being returned to his cell. *Id.* Plaintiff claims that, when he entered his cell, he was "pushed from behind" by Defendant Maynard, and Defendant Colleta Wineglass directed Defendant Maynard to "lock" Plaintiff "down" for "using profanity towards the staff." *Id.* Plaintiff states that he did not get to speak with Defendant Wineglass about the incident and believes the punishment was unfair because Defendant Maynard "was also using profanity" during the argument. *Id.* "When [Defendant Maynard] came back to pass out the uniforms," Plaintiff threw urine on her. *Id.* at 3-4. Plaintiff states this was his "only way of paying [Defendant Maynard] back." *Id.* at 4. Although Plaintiff was charged with assault and battery, third degree, for his actions, he seeks monetary damages for his "pain and suffering." *Id.* at 5.

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal



2

right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). However, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the first of these two requirements is not met.

The complaint alleges that Plaintiff was subjected to verbal abuse by the Defendant Maynard, who used profanity toward him. However, verbal abuse of an inmate by guards, without more, is not sufficient to state a §1983 claim. *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.), *aff'd Morrison v. Martin*, 917 F.2d 1302 (4th Cir. 1990). Although clearly unprofessional and inappropriate, verbal abuse of an inmate simply does not rise to the level of a constitutional violation. *See Carter v. Morris*, 164 F.3d 215, 219 n. 3 (4th Cir. 1999)*; Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992). Thus, Plaintiff's claim against Defendant Maynard for the use of profanity is subject to summary dismissal.

Plaintiff also claims that he was pushed from behind by Defendant Maynard. Liberally construed, it appears Plaintiff is alleging excessive use of force by this Defendant. However, while the Supreme Court recently held that lower courts may not dismiss an Eighth Amendment claim solely on the basis that an inmate received only a *de minimis* injury during an alleged excessive force incident; *Wilkins v. Gaddy*, - - - U.S. - - - -, 130 S.Ct. 1175, 1177-78 (2010); the Court did not foreclose the possibility of dismissal where the facts as alleged conclusively show that the force applied was not unconstitutional or "carried out 'maliciously and sadistically.'" *Wilkins,* 130 S.Ct. at 1180. Not "every malevolent touch by a prison guard gives rise to a federal cause of action;" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); and as the Court stated in *Wilkins*, "[t]he 'core judicial

3



inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins*, 130 S.Ct. at 1178 (quoting *Hudson*, 503 U.S. at 7).  The Court additionally noted that "[a]n inmate who complains of a 'push or shove' that causes no discernable injury most certainly fails to state a valid excessive force claim." *Id.*

In the instant action, Plaintiff alleges involvement in a heated verbal exchange with an officer that included the use of profanity by both parties.  ECF No. 1, page 3. The escalating argument resulted in Defendant Maynard returning Plaintiff to his cell, where Plaintiff alleges he was "pushed from behind." *Id.*  No further allegations of physical force are provided, and the facts presented in the complaint are simply insufficient to show that Defendant Maynard's actions amounted to the type of malicious and sadistic application of force contemplated by *Wilkins*.  Therefore, Plaintiff's excessive force claim is also subject to summary dismissal.

Finally, Defendant Shizzle is identified as a witness to Defendant Maynard's actions, while Defendant Wineglass is named for directing that Plaintiff be locked down for use of profanity toward a staff member. However, Plaintiff provides no facts to indicate that Defendants Shizzle or Wineglass were personally involved in either the profane verbal exchange or shoving incident giving rise to this action, nor is any constitutional violation indicated in Plaintiff's allegation that the punishment imposed by Wineglass for Plaintiff's (admittedly) improper behavior was "unfair" . A plaintiff must affirmatively show that a defendant acted personally in the deprivation of the plaintiff's *constitutional rights*, *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977), and a defendant is properly dismissed if a complaint lacks such personal allegations. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No.



1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008).  Hence, as Plaintiff fails to provide facts sufficient to demonstrate a violation of his constitutional rights by Defendants Shizzle and Wineglass, these two Defendants are entitled to summary dismissal from this action.

## Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 18, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).