UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alphonso Terrell Thomas, ) | C/A No.: 9:10-3138-MBS-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Colleta Wineglass; Shirlease Maynard; ) | |
| Cassidy Shizzle, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Alphonso Terrell Thomas is a detainee in the custody of the South Carolina Department of Corrections (SCDC) who is currently housed at the Georgetown County Detention Center (GCDC). On December 10, 2010, Plaintiff, appearing *pro se*, filed the within action pursuant to 42 U.S.C. § 1983, seeking monetary damages. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On January 18, 2011, the Magistrate Judge filed a Report and Recommendation recommending that the case be summarily dismissed. On January 20, 2011, Plaintiff filed objections to the Report and Recommendation.

**FACTS**

According to the complaint, on November 16, 2010, Plaintiff was escorted to the shower by two GCDC officers, Defendants Shirlease Maynard ("Maynard") and Cassidy Shizzle ("Shizzle"). Entry 1 at 3. Plaintiff alleges that a verbal altercation occurred where Maynard "started saying things that [Plaintiff] didn't approve of. So [Plaintiff] said somethings [sic] back." *Id*. When Plaintiff reached for the shower door, Maynard said, "Don't you hit me." *Id*. After the verbal exchange continued to escalate, Maynard ordered Plaintiff back to his cell. Plaintiff alleges he was "pushed

from behind," into his cell. *Id.* Plaintiff alleges Defendant Colletta Wineglass ("Wineglass") ordered Maynard to "lock [Plaintiff] down for using profanity towards the staff." *Id*. Plaintiff admits that when Maynard returned to Plaintiff's cell to deliver uniforms, he threw urine on her, as "that was [his] only way of paying her back." *Id.* at 4. Maynard filed charges for assault and battery, third degree, against Plaintiff. Plaintiff filed a grievance on November 21, 2010 with Wineglass regarding the incident involving Maynard. The response to the grievance states, "I have attempted to talk with you when you write grievances, but you always choose to 'make a scene.'" *Id* at 6.

## DISCUSSION

The Magistrate Judge recommended that the case be summarily dismissed because (1) Plaintiff has failed to allege facts that establish the violation of any Constitutional right under 42 U.S.C. § 1983, *see West v. Atkins*, 487 U.S. 42, 48 (1988), and (2) Plaintiff has failed to allege facts indicating that either Shizzle or Wineglass was personally involved in depriving him of Constitutional rights, *see Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. "In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his objections, Plaintiff directs the court's attention to the Magistrate Judge's finding that Maynard's actions fail to amount to excessive force under *Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010). Plaintiff alleges, for the first time in his objections, that Maynard pushed him "in a react to harm [him]." Entry 13 at 1. The court construes Plaintiff's objection as an amendment to his original complaint.[1]

In *Wilkins*, the Supreme Court affirmed *Hudson v. McMillian*, 503 U.S.1 (1992), emphasizing that the "core judicial inquiry," with regard to excessive force claims is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins* 130 S.Ct. at 1178 (quoting *Hudson*, 503 U.S. at 7). The Court noted that, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . .whether or not significant injury is evident." *Wilkins* 130 S.Ct. at 1178 (quoting *Hudson*, 503 U.S. at 9). The Court, however, limited the extent of this doctrine, stating, "This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry . . . The extent of injury may also provide some indication of the amount of force applied." *Wilkins* 130 S.Ct. at 1178. The Court further explained, "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of

---

[1] Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. . . ." Because Plaintiff's complaint is one to which a responsive pleading is required, *see* Fed. R. Civ. P. 12, Plaintiff may amend his pleading within 21 days after the service of a responsive pleading. Because service of process has not yet been authorized in this case, Plaintiff may still amend his pleading as a matter of course.

force is not of a sort repugnant to the conscience of mankind." *Id* at 1178. (quoting *Hudson*, 503 U.S. at 9) (internal quotation marks omitted). Finally, the Court stated, "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins* 130 S.Ct. at 1178. (citing *Hudson*, 503 U.S. at 9.)

Plaintiff appears to allege only a 'push or shove,' similar to that contemplated in *Wilkins* and *Hudson*. Plaintiff fails to allege facts that characterize the force used as "repugnant to the conscience of mankind." *Id* at 1178. Furthermore, while a court may use the extent of any alleged injury to help determine the character of the force in question, Plaintiff fails to allege any injury, indicating that the force used was de minimis.

Accordingly, the court finds that Plaintiff has not sufficiently stated a claim for excessive force under § 1983. *See Wilkins*, 130 S.Ct. at 1178.

No other objections to the Report and Recommendation have been made. Nevertheless, the court has conducted a *de novo* review of the issues involving Shizzle and Wineglass and finds no clear error on the face of the record. *Diamond*, 416 F.3d at 315. Shizzle and Wineglass are entitled to summary dismissal from this action.

## **CONCLUSION**

Based on the foregoing, Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process. The court adopts the Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

4

April 19, 2011
Columbia, South Carolina